# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**RACHAEL DUMAS,**

    **Plaintiff,**

**v.**                                                                    Case No:    6:17-cv-765-Orl-37KRS

**1 ABLE REALTY, LLC and JARRETT N. WEST,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **SECOND RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND ENTRY OF AN ORDER OF DISMISSAL WITH PREJUDICE (Doc. No. 33)**
>
> **FILED:**     **March 29, 2018**

**I.    BACKGROUND.**

Plaintiff, Rachel Dumas, filed a complaint against Defendants, 1 ABLE REALTY, LLC and Jarrett N. West, alleging that Defendants failed to pay all of her overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Doc. No. 1. In addition to her claim for overtime wages under the FLSA, Dumas also asserted a claim for retaliation under the FLSA, a common law claim for unpaid wages, and a claim under the Florida Whistleblower Act, § 448.102, Florida Statutes.

The parties represented that they had settled the case and filed a motion requesting that the Court approve the settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 25. I denied that initial motion because the parties failed to provide the settlement agreement, thereby preventing the Court from determining whether the terms of the settlement were fair. The parties subsequently filed a renewed motion for settlement approval. I denied the renewed motion because the proposed settlement agreement included several terms that arguably undermined its fairness. Doc. No. 32. Specifically, it (1) did not confine the release of claims to either Plaintiff's FLSA claim or only the claims asserted in the complaint, (2) included a non-disparagement clause, and (3) impermissibly provided that the parties could amend the settlement agreement in writing.

The parties were permitted to file a second renewed motion for settlement approval and did so on March 29, 2018. Doc. No. 33. The second renewed motion attaches a revised Settlement Agreement and Release of Claims as well as the terms sheet for the payment of the compensation Plaintiff is due to receive under the agreement. The motion is ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III. ANALYSIS.

### A. *Whether Plaintiff Has Compromised Her Claim.*

Under the terms of the Settlement Agreement, Defendants will pay Dumas a total of $10,000.00—$4,217.00 in settlement of her claims and $5,783.00 to her counsel. Doc. No. 33, at 3; 33-2, at 2-3. Both amounts are due to be paid in installments. *Id.*

In her answers to the Court's FLSA Interrogatories, Dumas estimated that she was entitled to $3,627.00 in overtime wages, $14,880.00 in lost wages related to her FLSA retaliation claim, and $18,507.00 in liquidated damages, for a total of $37,014.00. Doc. No. 17, at 2. Because Dumas will receive less than $37,014.00, I recommend that the Court find she has compromised her claim within the meaning of *Lynn's Food*.

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

*B. Whether the Amount Is Fair and Reasonable.*

Because Dumas has compromised her claims, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable. The parties have agreed to a payment schedule, under which the total sum of $4,217.00 will be paid to Dumas over a 7-month period. The parties explain that the payment schedule is necessary due to the fact that Defendants are currently experiencing economic hardship.

The parties agree that this action involves disputed issues, including the number of overtime hours Dumas worked. The factual disputes explain the parties' compromise and they believe the settlement is reasonable, given the disputed issues and the risks to both parties of proceeding with litigation. I therefore recommend that the Court find that the amount of the compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

*C. Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Dumas has compromised her FLSA claims, the Court must consider whether the payment to her counsel is reasonable, to ensure that the fees and costs to be paid to her counsel did not improperly influence the amount she agreed to accept. *See Silva*, 307 F. App'x at 351. In this case, Dumas' counsel will receive $5,783.00 to be paid over a period of 7 months. Doc. No. 33, at 3. Her counsel represent that the attorney's fees they incurred total $11,831.50 and that they incurred costs of $1,783.00. *Id.* They point out that the amount of $5,783.00 thus represents a significant compromise of their fees. Both sides represent that the amount of attorney's fees was negotiated separately from Dumas' recovery and without regard to the amount of her recovery. *Id.* at 9-10.

In the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of his FLSA claim. *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

> D. *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether the release of claims in the Settlement Agreement renders the agreement unreasonable. *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims."). Here, the release states that:

> In exchange for the agreement of the Employer to comply with the terms set forth in this Agreement and for the Employee complying with said Agreement, the Employee covenants and agrees not to pursue the Lawsuit or any other civil action *relating to the allegations in the Employee's Complaint*. The Employee expressly waive, release, and forever discharge *any and all claims asserted in the Complaint* related to Employee's employment against the Employer, or any of its respective owners, officers, directors, agents, attorneys, employees or representatives, or their successors in interest, arising out of or in connection with the investigation and litigation of the Employee's Complaint and the settlement relating thereto.

Doc. No. 33-2, at 1-2 ¶ 2 (emphasis added). The preamble to the Settlement Agreement also states that the agreement "governs the settlement of all claims asserted in the Complaint related to Employee's employment with Employer," and that "all claims asserted in the Complaint related to Employee's employment are hereby resolved as follows." *Id.* at 1.

The presiding District Judge in this case has held that because "plaintiffs can only compromise FLSA claims on the basis of a dispute over FLSA provisions, concessions unrelated to the substance of the FLSA claims have no place in FLSA settlements. Indeed, a plaintiff's FLSA

claim—which is intended to remedy a defendant's violation of mandatory law—should not be used as leverage to procure a general release of all possible claims." *Arguelles v. Noor Baig, Inc.*, 6:16-cv-2024-Orl-37TBS, Doc. No. 19, at 3 (M.D. Fla. Feb. 24, 2017). Unlike the release at issue in *Arguelles*, the release in this case does not require Plaintiff to release all possible claims, but only those asserted in the complaint. If the Court finds that this release is sufficiently narrow, then the Court may conclude that the release does not undermine the reasonableness of the settlement.

    *E. Whether the Amendment Provision Undermines the Fairness or Reasonableness of the Settlement Agreement.*

Finally, I note that paragraph 10 of the Settlement Agreement provides in part, "This Agreement may not be amended, modified, altered, or changed absent Court Approval." Doc. No. 33-2, at 4 ¶ 10. Ordinarily, a provision allowing amendment of the agreement might provide grounds to disapprove a settlement agreement, as a court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement. Here, however, the parties have provided that there can be no amendment of the Settlement Agreement without Court approval. This alleviates any concerns that the parties might amend the agreement on their own accord. Accordingly, I recommend that the Court find that this provision does not undermine the fairness of the Settlement Agreement.

**IV. RECOMMENDATIONS.**

In light of the foregoing, if the Court finds that the release does not render the settlement unfair, I respectfully **RECOMMEND** that the Court do the following:

1. **FIND** that the parties' Settlement Agreement and Release of Claims (Doc. No. 33-2) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

2. **GRANT** the Second Renewed Joint Motion for Approval of Settlement Agreement and Entry of an Order of Dismissal with Prejudice (Doc. No. 33) without reserving jurisdiction to enforce it;

3. **DISMISS** the case with prejudice; and

4. **DIRECT** the Clerk of Court to close the file.

Alternatively, if the Court finds that the release or any other provision renders the Settlement Agreement unfair, I respectfully **RECOMMEND** that the Court **DENY** the motion.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 12, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy