UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RACHAEL DUMAS,

    Plaintiff,

v.                                                     Case No. 6:17-cv-765-Orl-37KRS

1 ABLE REALTY, LLC; and JARRETT
N. WEST,

    Defendants.
_____

## **ORDER**

Plaintiff initiated this action against her former employers alleging, among other things, that they failed to compensate her for overtime hours worked in violation of the Fair Labor Standards Act ("**FLSA**"). (*See* Doc. 1.) The parties then moved for approval of their FLSA settlement agreement under *Lynn's Food Stores, Inc. v. United States ex rel. United States Department of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). (*See* Doc. 33 ("**Motion**"); Doc. 33-2 ("**Agreement**").)

Under the terms of the Agreement, Defendants will pay Plaintiff a total of $10,000—$4,217 in settlement of claims ("**Payment**") and $5,783 to her counsel ("**Attorney Fees**"). (Doc. 33, p. 3; Doc. 33-2, ¶ 3.) The Agreement also contains a release providing, in part, that Plaintiff "covenants and agrees not to pursue the Lawsuit or any other civil action relating to the allegations in [Plaintiff's] Complaint. [Plaintiff] expressly waives, releases, and forever discharges any and all claims asserted in the Complaint related to [Plaintiff's] employment against [Defendants]" ("**Release**"). (Doc. 33-2, ¶ 2.)

On referral, U.S. Magistrate Judge Karla R. Spaulding concludes that: (1) Plaintiff has compromised her claim; (2) the Payment is fair and reasonable; and (3) the Attorney Fees were negotiated separately from the Payment. (Doc. 36 ("**R&R**").) Although Magistrate Judge Spaulding finds that the Release does not undermine the fairness of the settlement, she notes that the Undersigned has cautioned against including concessions unrelated to the substance of FLSA claims in FLSA settlements. (*Id.* at 5–6.) So she recommends that if the Court finds that the Release is sufficiently narrow, the Court should grant the Motion and approve the Agreement. (*Id.* at 6–7.) Upon review, the Court finds that the Release is sufficiently narrow because, as Magistrate Judge Spaulding points out, it "does not require Plaintiff to release all possible claims, but only those asserted in the [C]omplaint." (*Id.* at 6.) Hence the Release does not render the Settlement unfair. *See Dees v. Hydradry, Inc.*, 706. F. Supp. 2d 1227, 1240 (M.D. Fla. 2010).

On April 13, 2018, the parties filed a joint notice of no objection to the R&R. (Doc. 37.) Absent objections, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the Court concludes that the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 36) is **ADOPTED, CONFIRMED,** and made a part of this Order.

2. The parties' Second Renewed Joint Motion for Approval of Settlement

Agreement and Entry of an Order of Dismissal with Prejudice and Incorporated Memorandum of Law (Doc. 33) is **GRANTED**.

3. The parties' Settlement Agreement and Release of Claims (Doc. 33-2) is **APPROVED**.

4. This action is **DISMISSED WITH PREJUDICE**.

5. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 16, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record